Ah, there we go, we've got all the lawyers now. Alright, our next case is Skidmore v. Schinke. Mr. Strelka, we'll hear from you. Yes, may it please the court. My name is Tommy Strelka, Thomas Strelka. I represent the appellant, Mr. Skidmore. This is a unique matter. This is a matter that was originally filed in the circuit court of Allegheny County. It was a matter that was filed against two non-diverse defendants, citing a single claim of the public policy Bowman claim, a common law claim. After removal to federal court, the appellant sought to remand by filing a motion to remand. The appellee filed a motion to dismiss under Rule 12. The matter then came to a hearing and the court agreed with the appellee and the appeal. The main issue in this case is the statute that the plaintiff, the appellant, cited in his complaint. That statute 40.1-28.7 Based on the supplemental briefing, etc., that the parties are in agreement that essentially if there is no Bowman claim, then there was fraudulent joinder and that's it. Is that correct? That's correct. If there's no Bowman claim, then, I mean, that's it. That's the whole case. So why don't we cut to the chase. Tell us why you have a Bowman claim. Well, there are three reasons why this statute may be used as public policy. First is the statute itself. 40.1-28.7 says that no employer shall discharge from employment or take other retaliatory action against an employee because the employee essentially inquired or discussed issues of compensation. The next issue we go to related to this, the jurisdiction of the federal court on this matter, is whether this statute provides what's known as an exclusive remedy to the appellant. If, according to the district court, it does, and if it does so, indeed, then the plaintiff doesn't have, the appellant doesn't have a case. The court erred in its interpretation of the case law it cited in finding that 40.1-28.7.9 was an exclusive remedy. And Virginia's history with the Virginia Human Rights Act also demonstrates and supports the conclusion that this act does not provide an exclusive remedy. But you agree there is a remedy in the act? No. No. There is no remedy for the appellant in the act. Well, what's your best case that that's a requirement that the Supreme Court of Virginia has set? Because there's clearly a remedy, which is for the commissioner of labor to seek a civil penalty or to petition a circuit court. So there is a remedy. I take it your argument is... Well, just hold on, counsel. I take it that your argument is that there has to be a personal damages remedy for a particular plaintiff in order for the abetment exclusion to apply. Have I got that correct? Yes, Your Honor. That's what Virginia has held prior. Tell us what your best Virginia case is that says you get this private damages remedy. There are two issues. And when you look at the cases, you also have to look at the laws, too. So, for instance, the district court cited a Fredericksburg circuit court case, Jenkins v. Hellig-Myers. And that case weighed another statute, 40.21-51.2 colon 2. And that court and the district court looked at that case and determined that that statute does provide a exclusive remedy. That statute, 40.21-51.2 colon 2, provides a private right of action. And that is a big difference because the statute that the appellant in this matter has pointed to provides no private right of action. If you look at the Virginia Human Rights Act and how the General Assembly and the Supreme Court of Virginia have regarded it over the years through its amendments, it's very clear how this court should rule. When the Virginia Human Rights Act was enacted, it initially didn't have a private cause of action, private right of action. It allowed the, similar to this statute, the commissioner of the Department of Labor to take action. That's what the Virginia Human Rights Act used to do before it was amended to allow a private cause of action. And in the Supreme Court case of Virginia Lockhart, that court determined that there was a public policy in the Virginia Human Rights Act against discrimination, and there wasn't a private right of action in the statute at the time. Therefore, the plaintiff in that case, in Lockhart, could use the Virginia Human Rights Act as an indication of public policy of Virginia, just as the plaintiff did here. Now, the General Assembly recognized this and the Lockhart decision, and they amended the Virginia Human Rights Act in what was called the Lockhart Amendment. Again, this was the previous Virginia Human Rights Act, but they amended it with a subsection D. This was the previous code section was 2.1. My colleagues may not be familiar with it, but as you can guess, I am. But that statute did not have an equivalent prior to amendment of the subsections B and C we have in this case. But the statute, what the differing, the differentiating factor was the private cause of action. The General Assembly had to specifically go back and enact legislation amending the Virginia Human Rights Act to specifically say this. The public policies in here are, you know, cannot be used for a Bowman claim. It wasn't a specific words, but it was specifically addressing the decision in Lockhart. The General Assembly had the ability to enact language to separate the Virginia Human Rights Act from the contemplation of a Bowman claim. And no such legislation was enacted in the current statute that was enacted in 2020. The General Assembly could have stated, just like in the Virginia Human Rights Amendment, that any public policy stated in here is not to be used for a Bowman claim. They never did. They never did. Because there is no private right of action available for a plaintiff under this statute, it can't be said to provide an exclusive remedy. I'd like the court to consider an analogy of a car accident. Imagine Mr. Skidmore, the appellant in this case, was in a car accident. Doesn't the Department of Labor website have a form on it for employees to make a retaliation claim? It says, if you believe you have been affected by an act of retaliation specifically related to wage sharing and it cites the statute, please complete this claim form. And then there's a claim form to complete. There is no remedy. There may be an outlet. What can the plaintiff receive? Under this law, nothing. They receive nothing. There's nothing in that form or on the information provided on any Department of Labor website that shows the plaintiff can be provided with anything. And that is the key difference. Because what remedy does a plaintiff have if they're not offered anything? What about that subsection C of the statute? I don't know if it's ever been utilized, but it says the commissioner can petition the circuit court for an injunction. That would seem to give a claimant relief, at least in equity. And such other relief as may be necessary, which would seem to imply there could be some sort of a damages remedy. It certainly doesn't specifically say that there's a damages remedy in subsection C.  And subsection C could be limited to an injunction purely with the offender, between the commissioner and the offender. There is no language that within subsection C the petitioner or appellant or plaintiff is ever even incorporated into that proceeding. There's also no means by which they can themselves initiate such a proceeding, not under the statute. It is not clear that that can ever happen. So, again, I'll be very brief with this metaphor, but if this was a car accident, it would be as if Mr. Skidmore could never sue or have any private cause of action if he was victimized in a car accident. But law enforcement could issue the other driver a citation. That is not a remedy. If the attorney general could file an injunction against the other car driver, fine. It's pretty open-ended, that's sure, but that is not a remedy in itself for that plaintiff. This statute, the statute that the appellant in this case pointed to, is clear that has absolutely no private cause of action for the plaintiff. He can never initiate it. That was a key distinguishing factor in these other cases. In the case that the court, the district court itself, hinged its decision on, the Fredericksburg court, that law has a private right of action. This law does not. Counsel, can I ask a question here? I guess I'm asking it in a way that is slightly different than whether you ultimately show you have a Bowman claim. The claim here is fraudulent joinder. It seems like one of the defendants is a Virginia resident. The way we're looking at this is, do you have a Bowman claim? I get why that ultimately would be the answer. I guess what I'm trying to figure out is, for purposes of fraudulent joinder, do you have to convince us that you have a Bowman claim? Or is it essentially so weak, so impossible, so almost frivolous that it amounts to fraudulent joinder? If so, whether we're the court that should decide that, or whether it should go back to the state court to decide that. Great point, Your Honor. According to the Fourth Circuit cases of Marshall and Mays, the removing party always bears the burden to show that a non-diverse defendant has been fraudulently joined. And that removing party under Marshall must show that there is no possibility that the plaintiff would ever be able to establish a cause of action. And so that burden is on the other side in this case. It is the appellant's position that this matter should be reversed, that it should be remanded. And the motion to remand that the plaintiff appellant originally filed very shortly, I think a day or two after the notice of removal, should have been granted. And the matter is sent back to the Allegheny Circuit Court because it's a state common law matter with non-diverse defendants. And this is a jurisdictional issue, so these matters can be discussed on course on appeal. I don't have too much time. The issues in this case are pretty narrow. I've been in front of the Fourth a number of times, and I've had some kind of expansive cases, cases on summary judgment, lots of facts. This is really narrow. This is whether 40.1-28.7-9 provides an exclusive remedy when it doesn't provide any private right of action to any plaintiff. So it can't be said to have an exclusive remedy. And if it can't be said to have an exclusive remedy, then it can be a public policy used for a Bowman claim. And the elements, the prima facie elements of the retaliation of a Bowman claim are within this complaint. It alleges that both the appellees involved in the decision, suspension, and the retaliation. So I'll reserve the rest of my time for rebuttal and let my colleague across the aisle take the field, but I appreciate all of your time today. Thank you very much. All right. And I take it, Mr. Strelka and also Mr. Gordy, nobody wants certification to the Virginia Supreme Court. You all want us to decide it. Yes, Your Honor. At the risk of speaking for my counsel across the aisle, I think both of us would say that there is enough information before the court for the court to rule on this issue from both parties. But I think both parties would also say that the court felt otherwise that it should be certified. We understand why the court would weigh certification on this issue as a matter of state law. On behalf of Mr. Skidmore, who is a man without great means, this matter never went through discovery. It's been going on a while through no fault of Your Honor's, of course. But moving it to the Supreme Court of Virginia would require an additional time, briefing and expense. And we believe that the matter is briefed sufficiently for this court to render a decision. And we thank you for that consideration. All right. Thank you very much, Mr. You've got some rebuttal time. Mr. Gordy, what do you say? May it please the court. Timothy Gordy on behalf of Appellees Michael Schinke and Gail Saul. I'm honored to appear before Your Honors this morning. This court should affirm the district court's order finding fraudulent joinder and dismissing Skidmore's complaint, which raised the sole wrongful termination claim under Bowman. Bowman represents a narrow exception to the at will employment doctrine. Consistent with this narrow exception, a plaintiff may not proceed on a Bowman claim if they seek to rely on a statute that establishes an exclusive remedy. And here, Virginia Code Section 40.1-28.7-9, which I'll refer to the Pay Transparency Act, contains such a remedy. An aggrieved employee may file a complaint with the commissioner of the Department of Labor who may impose a civil penalty or file an action in circuit court seeking an injunction or other appropriate relief. So how would you respond to Mr. Strelka's argument based on the Lockhart case, which interestingly the author of Bowman, Justice Compton, dissented in Lockhart. But it's a four to three decision. It's the law of Virginia. Why is his argument on that incorrect? I believe it's incorrect. You, Judge Agee, during Mr. Strelka's argument pointed to subsections B and C, which provides the civil penalty and provides the right for the commissioner to file this action for an injunction or other appropriate relief. And under the pre-1995 regime, there was not that enforcement mechanism. And then after we have the Lockhart decision, the General Assembly amends the statute. It inserts the narrow statutory remedy against an employer with between five and 14 employees. And then the Supreme Court considers that amendment in DOS, finds that this exclusive remedy, and has now abrogated Lockhart. So I believe that the subsection B and C, which provides this remedy, and the default rule that the Supreme Court of Virginia has held, is that when a statute provides a remedy, that remedy is exclusive unless the statute says otherwise. And we believe those holdings control here. While the Supreme Court has not interpreted the Pay Transparency Act, the Court of Appeals' recent decision in Bouserman confirms that Skidmore may not bring a Bowman claim. There the plaintiff employee sought to base his Bowman claim on his utilization of this grievance procedure for local government. Bouserman is an unpublished opinion. How much credence does it get? We believe it is persuasive authority, Your Honor. It applies the binding Supreme Court holdings. It cites to concerned taxpayers, which, again, holds this – the statute provides a remedy. That remedy is exclusive. And even though it's persuasive, this goes to the Gielin matter that we cited in our supplemental brief when the – I think it was the Maryland Supreme Court of Appeals at the time had not addressed the issue before the court, but the special court of appeals had an unpublished decision. This court deferred to those decisions in the lack of any persuasive authority to go against Bouserman. And we believe Bouserman is persuasive for the reasons that we discussed in our brief. Counsel, if I could chime in here. I mean, is it possible that as we look at – I mean, we're looking first at the fraudulent Joindert decision, that you could have the better end of the argument. But it's still – we don't have a case that absolutely rules out what the plaintiff is saying. We don't have a case that's – a Supreme Court case on the particular statute. And correct me if I'm wrong here. I'm not sure I saw a cite to a case that specifically says if the remedy in a statute doesn't provide the victim relief, that that would nevertheless bar a Bowman claim. And look, I think the way you look at the cases suggests it does, by the way. But what I'm trying to figure out, whether it's so clear that we would call this a fraudulent Joindert. And if it's – because it's a different standard, a more rigorous standard than 12b-6. And I'm just wondering whether it meets that, and if not, whether we shouldn't remand it for the Virginia courts to deal with it. Your Honor, I believe it does qualify as fraudulent Joindert because the – as Mr. Strzok himself admits, if he doesn't have the Bowman claim, then there was fraudulent Joindert. That's not – is that right? I mean, he may have admitted that. He shouldn't have because the question is not does he ultimately have one. It's because he might not, but does he have a chance? Does I have a claim? It might be weak, but I got a chance. I mean, sure, if he doesn't ultimately have one, he loses. But as I understand – tell me I'm wrong. I may be missing them. But I think the question is he may not have a Bowman claim at the end. And he – quite frankly, he probably doesn't if you ask me. But he's made some arguments that I'm trying to see if they're foreclosed. And if they're not foreclosed, why is it fraudulent? I think they're foreclosed for the reason that the court of appeals held in Bouserman. In that regard, there was a statutory grievance procedure that the employee could utilize. At the end of that grievance procedure, there was very limited ways to get to the circuit court. It usually dealt with administrative issues in the grievance procedure, like whether it was grievable or whether there was a procedural error. They didn't have – I think Judge Quattlebaum's question goes to the standard for fraudulent judgment or fraudulent joinder. Yes. So we realize there are a lot of these cases out there. The Virginia Supreme Court's been pretty clear that they have serious doubts about Bowman. But that doesn't necessarily resolve the fraudulent joinder issue. Why is this clear beyond doubt? I think it's clear beyond doubt because the Supreme Court has consistently held that when a statute provides a remedy, that remedy is exclusive. And I think the Doss decision, which abrogated Lockhart, and then the court of appeals decision in Bouserman, which applied these Supreme Court cases and found that the fact that the statute precluded the termination, the retaliation claim, showed it could not be the public policy to base a Bowman claim on because to do so would subvert the statutory scheme the General Assembly created. Bowman is a narrow exception to the at-will doctrine. The Supreme Court of Virginia has been very clear that just because there is a statutory violation, that the plaintiff does not have the right to bring a common law wrongful termination claim. And if you look at the case law, Francis, very clear, it's a very narrow doctrine. And in Van Buren v. Grubb, again, emphasizing this is a claim against individuals, and it is a very narrow exception, and it's almost even, and it is more narrow in this context because there has to be the showing that the individual defendants also participated in the termination decision, which goes to our alternative argument under Blyman, which if you set aside this issue on. But the district court didn't address any of those alternative arguments. Correct, Your Honor. The district court did not address it. We believe they're clear, especially under Wideman, that this court can address it. There's just simply no allegations here that the appellees participated in the wrongful termination decision. He says that Mr. Schinke reduced his supervisory responsibilities. He wrote this anonymous. Okay, well, we're getting into the alternative arguments. I understand you've made those, but arguments the district court didn't address. As I understand Mr. Strzoka's argument, it's that there's no specific case that says that the exclusive remedy has to take into consideration a private damages claim for the claimant, and that's sufficient for fraudulent joinder purposes to get a remand. So we're kind of bringing you back to Judge Quattlebaum's question on, when we're looking at the standard for fraudulent joinder, is the lack of this precise a case as this claim would require? Does that meet the fraudulent joinder standard? I believe, Your Honor, we meet the fraudulent joinder standard, even though there is not a specific case from the Supreme Court of Virginia that would foreclose a Bowman claim in this scenario. We're relying on the general holdings of the Supreme Court, and then I think the Bouserman decision really confirms that. When it applies those precedents very recently and holds that you cannot bring a Bowman claim if the statute provides for an exclusive remedy. And here there is an exclusive remedy under the statute. It's subsection B. The commissioner can impose that $100 civil penalty. The aggrieved employee has the right to file a complaint with the commissioner of the Department of Labor and under C, the commissioner of Labor can seek injunctive or other appropriate relief, and that relief would be personal to the employee. An injunction could order reinstatement. Other appropriate relief, as you mentioned, Judge Agee, would cover BAT pay, for example. You could also get an injunction to prevent an employer from retaliating. I think the point is that this is different. If I were back on the Virginia Supreme Court, I'm pretty sure how I would rule in this case. But now we're dealing with a federal standard for fraudulent joinder. And the fact that you don't have an on-point case, that's the question in the federal joinder standard as to whether or not that's absolutely necessary. I do not believe it is absolutely necessary, Your Honor. I believe that we can rely on the holdings that are currently on the books in terms of the Supreme Court's emphasizing that this is a narrow exception to the at-will doctrine, the Supreme Court's consistent holdings that when the statute provides a remedy, that remedy is exclusive and will rely on the Court of Appeals' decision in Bouserman, which applies those holdings in a very similar case to ours. All right. What else do you want to tell us today? In terms of the personal remedy argument that Mr. Strelka makes, there does not need to be a personal remedy for the statute to be found exclusive. And I believe the first American title case, which was the old version of CRESPA in Virginia, only the state licensing authority could bring a private right of action. That was found to foreclose a common law cause of action. Mr. Strelka cites to Cherry in his brief, and we think Cherry supports our argument, because in Cherry you had a very similar statutory scheme, where in that case the nursing home resident could file an administrative complaint, there could be administrative sanctions, and then the health commissioner could bring a cause of action in circuit court to show that the, to enforce the statute and regulation. And the Court of Appeals held that that was an exclusive remedy. There would be no common law cause of action to enforce the statute. I think he also relies on Dominion Surgical, which I think the court there, we pointed out there's some disagreement among other courts, but a key factor there that that court looked at was that there wasn't this ability to participate in the administrative process, where here there is that ability. The complainant has the right to file that complaint with the commissioner of labor, who can then investigate, impose a civil penalty, and then file a cause of action under the statute. Also I'd like to talk about, I know we briefly touched upon this in terms of the Weidman, our argument under Weidman. We also believe there's factual deficiencies here, in terms of what Mr. Skidmore alleges in the complaint. And in Weidman, again, I recognize the district court did not address this as being one of our alternative arguments. The factual allegations here are very similar to that in Weidman, where this court did affirm a finding of fraudulent joinder. You had a Bowman claim against two individual defendants. In Weidman, the plaintiff alleged that they participated in an investigation into a complaint and they attended his performance meetings. There were no allegations connecting them to the termination decision. And this court found there was no possibility under Virginia law that he could succeed against the individual defendants. And here the complaint suffers from the same deficiencies. He alleges he tries to get around this by just conclusively saying the defendants terminated Mr. Skidmore's employment. But if you look at the facts of the complaint, he only alleges Schenke reduced his supervisory responsibilities, which that's not sufficient for a Bowman claim. He writes this anonymous letter that is then investigated by a different employee, not Mr. Schenke. And then after that anonymous letter is when he was terminated. As we pointed out in the first complaint that he filed in federal court, he identified Sinoco as the person who terminated him. And this would be something that Mr. Skidmore would know. He could have alleged that Mr. Schenke, Ms. Saul, wrote the termination letter or told me that I was terminated. He did not make that allegation. So we believe under that as well that that establishes there was fraudulent joinder. So, counsel, could I follow up on that? I'm just trying to, and this question isn't to suggest how I and certainly not my colleagues are thinking about it, but just hypothetically let's assume that we thought that there was at least some possibility that under Virginia law there needed to be a private right of action. You have this other alternative ground that you've just articulated about a pleading inadequacy. We, of course, can affirm on any ground before us, but we do our best work usually reviewing rather than finding in the first instance. How would we deal with that procedurally? Would we remand it to the district court to consider all the arguments that you have made in the fraudulent joinder case? I know you'd say, y'all decide it yourselves, but we'd have that option, wouldn't we? I think under Weidman there is enough for this court to affirm on this alternative ground. If you do disagree with me, Your Honor, I do not believe reversal is the appropriate course. It would be to allow the district court to consider these arguments. And I think that, again, under Weidman, which relies on the Supreme Court of Virginia's decision in Van Buren, that Mr. Strelka has not alleged enough in the complaint to meet that no possibility standard, which, again, I understand the court's concern that there is not a direct case on point, but I think the appropriate look is to look at the case law. To be clear, counsel, the alternate bases that you're covering would be alternate grounds if found for fraudulent joinder. Yes. That's the only issue before us. Both issues are before you, Your Honor, because we agree with Mr. Strelka. They are intertwined in the sense that the fraudulent joinder and 12b-6 arguments are one and the same. It's all based – if he doesn't have a claim against Schenke, he does not have a claim against Saul. And the no possibility standard, this court needs to – should look at it. Well, if there's no fraudulent joinder, wouldn't it have to go back to the state court? Correct, Your Honor. I meant in terms of that the legal issue before you on the two is the same. The no possibility standard, this court must look at the case law and make a – Let me make sure I understand what you're arguing. Are you saying that your alternative arguments are or are not alternative grounds to find fraudulent joinder? They are alternative grounds to find fraudulent joinder, Your Honor. Okay. All right. Thank you very much. Mr. Strelka, you've got some rebuttal time. Your Honor, I appreciate all the questions that Your Honors have been asking. The key issue is fraudulent joinder, and the removing party must show there is no possibility that the plaintiff would be able to establish a cause of action. If the court were to remand on that, reverse that, and say that there was no fraudulent joinder, and Your Honor is right, Judge Agee, the district court would have to remand it to the state court if there is no fraudulent joinder. Why couldn't opposing counsel – Wait a minute. Opposing counsel says he's got these other grounds that would qualify – I don't know whether they do or not, but if there were other grounds for fraudulent joinder and they were found to be sufficient, then the district court's decision would be right. But if we were to find for you on what's before us right now, it would seem like there would be a vacate and remand for further proceedings for the district court to take up in the first instance whatever these other arguments are. That's a possibility, Your Honor. The court is still going to have to wrestle with whether – if a prima facie case has been pled, and if so, then they don't have jurisdiction. The federal court would not have jurisdiction at that point. It's my understanding these alternate arguments really just attack it from the 12B6 standard. I want to briefly mention the Bowserman case, which my colleague across the aisle has mentioned a number of times. That case, the policy and the statute that it used was the grievance statute, and that, again, is also highly distinguishable. That is 15.2-1507. That's what the Bowserman case was reviewing. That statute allows an individual, a plaintiff, an employee to initiate the entire proceeding, which it is a proceeding, on their own, not through a third party, and they can receive the remedies of reinstatement or a variety of remedies and seek judicial review of these decisions, allowing that plaintiff the ability to elect on their own to review the entire decision that they have also elected to proceed in in a circuit court. None of that is here with this law. So if my colleague wants to cite the Bowserman case, I have to highlight those issues. This court cannot say that there is no possibility that the plaintiff would be able to establish a cause of action under Bowman. The court just can't say it, and for that reason, this court must reverse the district court's decision. I appreciate everybody's time on this very nuanced and specific issue, and we look forward to the decision. Thank you very much. All right. I want to thank both counsel for their arguments. We'll take this under advisement and issue an opinion in due course, and I'd ask the clerk to adjourn us until tomorrow morning. This honorable court stands adjourned until tomorrow morning. God save the United States and this honorable court.
judges: G. Steven Agee, Stephanie D. Thacker, A. Marvin Quattlebaum Jr.